IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CARL R. MARSCHKE and
GAY A. MARSCHKE,

                                        OPINION AND ORDER

           Plaintiffs,

                                        09-cv-398-bbc

    v.

BARRY-WEHMILLER COMPANIES, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this action for monetary and declaratory relief, plaintiffs Carl R. Marschke and Gay A. Marschke seek an accounting of assets and monetary damages stemming from an alleged breach of contract on the part of defendant Barry-Wehmiller Companies, Inc. The parties dispute the amount due under an agreement for future payment of assets sold by plaintiffs to defendant. Jurisdiction is present under 28 U.S.C. § 1332.

      Before the court are defendant's motions to transfer the case to the United States District Court for the Eastern District of Missouri under 28 U.S.C. 1404(a), dkt. #9, and to dismiss the case under Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party under Rule 19, dkt. #11. I conclude that the convenience of the parties and interests of

1

justice require denial of defendant's motion to transfer. I conclude also that the non-joined parties are not necessary to this suit and will deny defendant's motion to dismiss.

For the purpose of ruling on the pending motions, I draw facts from the complaint and the declarations submitted by the parties. It is proper to examine evidence outside the pleadings on a motion to dismiss under Fed. R. Civ. P. 12(b)(7). 5C Wright & Miller, Federal Practice and Procedure § 1359. Also, when deciding whether the moving party has made the necessary showing for a transfer, a court may rely on the allegations of the complaint and may receive and weigh affidavits submitted by the parties. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293-94 (7th Cir. 1989).

FACTS

At the time they filed this suit, plaintiffs Carl and Gay Marschke were citizens of Wisconsin. Their son, Karl Marschke, daughter Lynda Ludwig and son-in-law Dan Ludwig reside in Wisconsin; their son Dean Marschke resides in Minnesota. Defendant Barry-Wehmiller Companies, Inc. is a Missouri corporation with its corporate offices in St. Louis, Missouri. The business records pertaining to the agreement at issue, the records of the calculations performed by defendant in order to fulfill the sale agreement and defendant's stock pricing records are located in Missouri.

Plaintiff Carl Marschke owned Marquip, Inc., a Wisconsin corporation, in which

2

plaintiffs, Dean Marschke, Karl Marschke, Lynda Ludwig and Dan Ludwig each held promissory notes. In 2000, Marquip voluntarily filed for Chapter 11 bankruptcy. In August 2000, defendant entered into an agreement to purchase certain assets from Marquip. A month later, defendant entered into a sale agreement for the purchase of a principal amount of Marquip notes. The sale agreement is governed by Missouri law. Greg Conrood, vice president and corporate controller for defendant; Ron Haglof, outside counsel; Tim Sullivan, an officer for defendant and the current president of MarquipWardUnited, Inc.; and Robert Chapman, chief executive officer and chairman of the board of directors for defendant negotiated the asset purchase and sale agreements on behalf of defendant. The following individuals have personal knowledge of Marquip's accounting methods, which are relevant to the determination of the amount owed under the future payment program: Gene Puckhaber of Somerset, Wisconsin; John Paprocki of Wausau, Wisconsin; Jenny Able and Mary Killinger of Phillips, Wisconsin; Jack Werner of Menomonee Falls, Wisconsin; and Mike Friedman of Milwaukee, Wisconsin. Sam Mason of Philadelphia, Pennsylvania has knowledge of information related to the negotiations and future payment program.

    In exchange for the assignment of the Marquip notes, defendant arranged for payments to be made in the form of Barry-Wehmiller Group, Inc. stock and cash. These payments were to be calculated on the basis of a formula outlined in the agreement, referred to as the "future payment program." Only plaintiffs and their son Karl participated in the

3

future payment program, resulting in a transfer of $2,000,000 in Marquip notes to defendant. Because Lynda Ludwig, Dan Ludwig and Dean Marschke did not elect to participate in the future payment program, their Marquip notes did not constitute part of the $2,000,000.

In 2004, plaintiffs and defendant had a disagreement about the amount due under the future payment program. On May 13, 2009, Karl Marschke assigned his claims under the program to plaintiffs. The assignment allows plaintiffs to "collect all sums that are due under the Sale Agreement dated September 14, 2000 between Sellers and Barry-Wehmiller Companies, Inc." Although the assignment included signature lines for all of the Marquip note holders, only Karl signed the document.

Plaintiffs' attorney filed suit in the Circuit Court for Price County, Wisconsin between 1:45 pm and 2:15 pm on May 14, 2009. Defendant removed that action to this court on June 11, 2008. At 5:22 pm on May 14, 2009, defendant filed a concurrent declaratory action in the United States District Court for the Eastern District of Missouri. The Missouri action names as defendants all those who possessed Marquip notes. After filing an answer to the complaint in that action, plaintiffs, the Marschkes and the Ludwigs filed a motion to dismiss or in the alternative to stay proceedings in the Missouri suit and transfer the case to this court.

OPINION

A. Motion to Transfer

Defendant contends that transfer to the Eastern District of Missouri is warranted because it is the more convenient forum and because the action filed in Missouri would allow for a full adjudication of the dispute, serving the interests of justice. Plaintiffs dispute both of defendant's contentions. They contend that this court is in fact the more convenient venue, emphasizing their Wisconsin connections. Plaintiffs also argue that because they were the first to file a suit and are the "natural plaintiffs," their choice of forum should be given deference. In the alternative, plaintiffs ask that this court stay the proceedings in this case until the United States District Court for the Eastern District of Missouri renders a decision on nearly identical motions to transfer venue to this court and to dismiss the Missouri case. The parties do not contest that venue is appropriate in the Eastern District of Missouri.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When weighing a motion to transfer venue under § 1404(a), a court must consider whether the transfer serves the convenience of the parties and witnesses and will promote the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). The movant has the burden of showing that

5

the transferee forum is clearly more convenient. Id. at 220. The question to be resolved is whether plaintiff's interest in choosing the forum is outweighed by either the convenience concerns of the parties and witnesses or the interests of justice. Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996).

The analysis of the convenience of the parties and witnesses involves an individualized, case-by-case consideration. Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Evaluating the interests of justice typically involves factors that relate to the efficient administration of the federal court system and includes considerations such as insuring a speedy trial, tying related litigation together and having the trial before a judge who is familiar with the applicable law. Heller Financial, Inc., 883 F.2d at 1293.

1. Convenience to the parties and witnesses

On balance, it appears that neither forum is more convenient than the other for the parties. Neither side argues that travel to the other forum would impose an especially heavy burden; all parties have appeared and begun the process of litigation in both forums. Although many of the documents at issue are located in St. Louis, Missouri, documents can easily be transferred. Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("technological advancements have diminished traditional concerns related to ease of access to sources of proof. . .").

To demonstrate convenience to the witnesses, defendant is required to "clearly specify the key witnesses to be called" and submit "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony." Generac Corp. v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998) (quoting Heller Financial, Inc.,883 F.2d at 1293-94. Typically the most important consideration in analyzing the convenience of witnesses factor is whether witnesses will appear only by deposition because they are outside the subpoena power of the court. Both parties point to key witnesses in support of their arguments that their preferred forum is more convenient. Defendant asserts that its witnesses—Greg Conrood, Ron Haglof, Tim Sullivan and Robert Chapman—all reside in Missouri. Plaintiffs name Gene Puckhaber, John Paprocki, Jenny Able, Mary Killinger, Jack Werner, Mike Friedman and Sam Mason as key witnesses whom they intend to call. All but Mason reside in Wisconsin. Plaintiffs suggest that because they have more witnesses and parties, this action should remain in Wisconsin. However, the convenience of witnesses analysis cannot be reduced to a numbers game in which the party who names the most witnesses wins. 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3851 ("[t]he focus on this point is a qualitative, not a quantitative one . . ."). What is relevant, however, is that defendant's key witnesses are its employees and attorney who negotiated the future payment program. Individuals under the control of a party are expected to voluntarily

appear and are not accorded great weight in a transfer analysis. Adams v. Newell Rubbermaid, Inc., 2007 WL 5613420, at *3 (W.D. Wis. 2007). The convenience of witnesses factor favors keeping this case in Wisconsin.

The balance further tips in plaintiffs' favor when their choice of forum is considered. A plaintiff's choice of forum deserves deference when a plaintiff is litigating in his or her home forum, in this case, Wisconsin. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981). A plaintiff typically chooses a home forum for convenience. Id. Taking into consideration all these factors, I conclude that it would be more convenient to keep the suit in the Western District of Wisconsin.

2. Interests of justice

This case involves two cases that have taken similar procedural tracks. The parties have made identical requests to transfer or dismiss in this court and the district court for the Eastern District of Missouri, raising numerous practical issues relating to which court should defer to the other. With respect to the interests of justice factor, defendant's primary argument is that the Missouri action will adjudicate all of the disputed issues between the parties because it includes not only the plaintiffs in the Wisconsin suit, but all of the parties who held Marquip notes. Plaintiffs counter that because the other parties in the Missouri suit are their children and son-in-law, who either had no interest in the future payment

program or assigned their interests to plaintiffs, they are unnecessary parties in this case. As discussed in more detail below, I agree that the additional parties in the Missouri suit are not required parties in this case and I give them little weight in the transfer analysis. Further, as plaintiffs assert, they are the "natural plaintiffs" in the parties' dispute because they are claiming monetary damages resulting from defendant's misinterpretation of the terms of their agreement. The Missouri declaratory action provides no prospect of monetary relief for their damages. While proceeding with two separate actions is a concern, it does not outweigh the other relevant factors. If necessary, the actions may be consolidated for efficiency's sake.

Defendant argues that transfer is necessary to avoid potential jurisdictional issues, but it is in error. It may be that this court would have no personal jurisdiction over Dean Marschke because he is a resident of Minnesota, although that is not self-evident, but the issue is moot. Dean Marschke is not a necessary party in this case.

Finally, defendant contends that because the Eastern District of Missouri is in a better position to interpret Missouri law in construing the agreement at issue, the interests of justice are better served by transfer. This consideration does not warrant transfer to the Eastern District of Missouri in light of the other factors that counsel against it. In the absence of statutory authority to the contrary, a district court sitting in diversity is competent to apply the law of a foreign state. International Paper Co. v. Ouellette, 479 U.S.

9

481, 500 (1987).

In sum, because defendant has failed to show that the Eastern District of Missouri is the clearly more convenient forum and will best promote the interests of justice in this case, its motion to transfer must be denied.

### B. Motion to Dismiss

Defendant has moved to dismiss the present suit under Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party under Fed. R. Civ. P. 19. Rule 19 is intended to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources. Askew v. Sheriff of Cook County, 568 F.3d 632, 634 (7th Cir. 2009) (quoting Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1447 (7th Cir. 1990). Dismissal is not the preferred outcome under the rule and courts are reluctant to dismiss for failure to join when doing so deprives the plaintiff of his or her choice of federal forum. Id. (citing Davis Companies v. Emerald Casino, Inc. 268 F.3d 477, 481 (7th Cir. 2001). The moving party has the burden of showing that an absent party should be joined under Rule 19. 5C Wright & Miller, Federal Practice and Procedure § 1359. To discharge that burden, it may be necessary to present affidavits of persons having knowledge of these interests as well as other relevant evidence outside the pleadings. Id.

The first step in determining whether a suit should be dismissed for failure to join an

indispensable party is to identify the required parties under Rule 19(a).  Askew, 568 F.3d at 635.  Rule 19(a) reads in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  If the non-joined parties fall under Rule 19(a)(1)(A) or either alternative of Rule 19(a)(1)(B), they must be joined unless it is not feasible to do so.  Only after making this determination may the court decide whether the required parties are indispensable, making dismissal warranted under Rule 19(b).

According to defendant, plaintiffs' failure to join Dean Marschke, Lynda Ludwig, Dan Ludwig and Karl Marschke implicates all three Rule 19(a) criteria for required parties because they all owned Marquip notes.  However, plaintiffs have filed affidavits in which Dean Marschke, Lynda Ludwig and Dan Ludwig aver that they never had an interest in the

11

future payment program and Karl Marschke avers that he assigned his interest to plaintiffs. Defendant submits no rebuttal evidence to show that the non-joined parties have a monetary interest in this suit. Instead, it attacks the validity of the evidence submitted by plaintiffs.

In its reply brief, defendant contends that because Karl Marschke assigned his interest a day before this suit was filed in state court and the agreement failed to provide consideration for the assignment, the assignment was a sham. In support, defendant cites Syms v. Castleton Industries, Inc., 470 F.2d 1078, 1080 (5th Cir. 1972), a diversity case involving a contractual dispute over the sale of stock. In response to Castleton's challenge to diversity jurisdiction, Syms averred that his mother, who had an interest in the stock at issue, was a citizen of Florida, a fact which would have destroyed diversity had she retained her interest. Id. Although Syms's mother was a citizen of New Jersey at the time, Syms and his attorney believed that she was a citizen of Florida and had her assign her interest in the claims to Syms. Id. The assignment was executed several months before plaintiff filed suit and shortly after both sides realized litigation would be necessary. Id. at 1080-81. The court determined that the timing of the assignment of interest and other suspicious activity revealed that the assignment was a sham in order to protect diversity jurisdiction.

As an initial matter, I note that arguments raised for the first time in a reply brief are waived. Carter v. Tennant Co., 383 F.3d 673 (7th Cir. 2004). In any event, the situation in Syms is not analogous to that in the instant case. Karl Marschke's participation in this

12

suit has no affect on diversity jurisdiction because he is a resident of Wisconsin. Further, plaintiffs filed suit in state court. It was defendant that removed this case to federal court. Defendant asserts that plaintiffs executed the assignment solely for the purpose of avoiding having to join another party in this suit. Even if this is true, there is no evidence that Karl Marschke's assignment is invalid or meaningless. In Syms, plaintiff admitted on cross-examination that he never paid his mother for the assignment and that if he did recover in the suit, he would pay his mother her interest in the stocks at issue, making the assignment pointless. Syms, 470 F.2d at 1081-82. There is no evidence in this case that plaintiffs intend to compensate Karl Marschke in the event of recovery or that the parties at issue intended that Karl Marschke would have a continuing interest in the future payment program.

Because defendant has failed to meet its evidentiary burden, I can only conclude that Dean Marschke, Lynda Ludwig and Dan Ludwig never had an interest in the future payment program. Further, I conclude that Karl Marschke effectively assigned his interest in the future payment program to plaintiffs before the filing of this lawsuit, eliminating any monetary interest he had in the future payment program. Given these findings, full relief can be accorded in this case with the two existing plaintiffs. Allowing the instant suit to go forward will not harm the interests of non-joined parties or expose defendant to multiple or inconsistent obligations. The fact that defendant also wants a declaratory judgment giving

13

an official blessing to what plaintiffs and the non-joined parties readily concede in their affidavits is not a reason for dismissing this case. Therefore, defendant's motion to dismiss will be denied.

ORDER

IT IS ORDERED that defendant Barry-Wehmiller Companies, Inc.'s motion to transfer venue to the Eastern District of Missouri, dkt. #9, and motion to dismiss, dkt. #11, are DENIED.

Entered this 16th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge