IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL R. MARSCHKE and GAY MARSCHKE,

                Plaintiffs,                ORDER

    v.

                                      09-cv-398-wmc

BARRY-WEHMILLER COMPANIES, INC.,

                Defendant.

---

BARRY-WEHMILLER COMPANIES, INC.,

                Plaintiff                  ORDER

    v.

                                      09-cv-674-wmc

CARL R. MARSCHKE, *et al.*

                Defendants.

---

On June 11, 2010, the parties advised the court by letter (dkt. 90 in 09-cv-398, dkt. 60 in 09-cv-674) that neither side would be pursuing summary judgment because they are pursuing settlement negotiations instead. Therefore, the summary judgment motions (dkts. 53 and 62 in 09-cv-398, dkts. 23 and 32 in 09-cv-674) have been rendered academic.

On June 14, 2010, the parties jointly moved the court to stay proceedings in both cases so that they may pursue binding arbitration. *See* dkt. 91 in 09-cv-398, dkt. 61in 09-cv-674. The parties invoke F.R. Civ. Pro. 16(c)(2)(P) in support of their motions, although technically Rule 1 is more applicable because these requests are not before the court as part of a pretrial conference. But this court is not concerned with procedural technicalities, it is concerned with the just, speedy and inexpensive resolution of these lawsuits. Granting a stay a year after the first case was removed into this court rather than trying both cases in September would not fulfill this goal. Therefore, both requests for a stay are DENIED.

On May 14, 2009, the Marschkes filed their complaint in Price County Circuit Court and BWC filed a declaratory action in federal court in the Eastern District of Missouri. On June 24, 2009 BWC removed the Marschkes' lawsuit to this court. Motions to transfer flew in both directions; ultimately both cases ended up here. One result of this initial geographic *contretemps* was that this court did not hold a preliminary pretrial conference until September 18, 2009. In their joint report to the court, the parties suggested a dispositive motion deadline either in mid-April 2010 or late May 2010, and a trial date either in mid-September or mid-October 2010. *See* proposed calendaring chart, 09-cv-398, dkt. 30 at 6. At the September 18, 2009 preliminary pretrial conference, the court went with the later date for dispositive motions (May 10, 2010) and set the trial a year out, for September 27, 2010. 09-cv-398, dkt. 41. The parties filed timely summary judgment motions, then asked for and received slight extensions of the briefing schedule because they were involved in earnest settlement negotiations. Dkts. 88-89 09-cv-398.

So far, no problem. But the parties' June 14, 2010 joint motions to stay are anathema to the court. These lawsuits already are over a year old and they aren't scheduled for trial until this fall. From this court's perspective, the most just, speedy and inexpensive way to resolve the parties' disputes is to try their lawsuits as scheduled on September 27, 2010. While this court encourages parties to attempt settlement if they believe the attempts would be fruitful, this is never a substitute for staying current with the schedule and trying the case on the appointed date if settlement efforts fail. Recently there has been a puzzling spate of similar motions to stay the schedule while the parties attempt mediation. In response, all judges in this court have conferred and have reaffirmed their commitment to this court's decades-old practice: civil lawsuit trial dates remain fast and firm.

So it is here. This court has indulged virtually every previous scheduling request made by the parties with this understanding: the trial date is firm. From the court's perspective, the parties' unilateral decision to suspend briefing on summary judgment motions and to seek binding arbitration three months before trial changes nothing. The parties may arbitrate if they wish, but if they aren't done by the time their final pretrial submissions are due, then they had better file their submissions and be ready for trial on September 27, 2010.

## ORDER

It is ORDERED that the parties' joint motions to stay proceedings (dkt. 91 in 09-cv-398, dkt. 61 in 09-cv-674) are DENIED.

Entered this 15th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge